[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
This action arises out of an alleged breach of a construction contract. The facts pertinent to the resolution of the instant motion are undisputed and taken from the complaint, the parties' memoranda, and supporting documents: On November 15, 1990, the plaintiffs, Howard Sosin and Susan Sosin, and the defendants, Robert Scinto and Barbara Scinto, entered into an agreement which provided that the plaintiffs were to purchase, from the defendants, property located at 640 Sasco Hill Road, Fairfield, Connecticut. Prior to that time, the defendants had been constructing a house on the subject premises for their own use. Scinto, Inc. was the general contractor. In addition to the purchase and sale agreement between the plaintiffs and the defendants, the plaintiffs also entered into an agreement with Scinto, Inc. to complete the construction of the residence on the subject premises. Subsequently, disputes arose between the parties and, as a result, several actions have been filed.
On July 14, 1997, the plaintiffs commenced their first action in this court against the defendants and Scinto, Inc. In that case, four of the five counts were dismissed for lack of subject matter jurisdiction.[1]
CT Page 6380 Thereafter, on November 12, 1998, while the first action was on appeal, the plaintiffs commenced a second action against the defendants and Scinto, Inc.[2] The first and second actions are both still pending in this court.
On August 1, 2000, the plaintiffs commenced the present action against the defendants.[3] The plaintiffs filed their three count complaint pursuant to General Statutes § 52-592[4] and made the following allegations: Count one alleges that the defendants are liable for hidden and undisclosed defects at the residence. Count two alleges that the release of Barbara Scinto's guarantee is void for lack of consideration and that the defendants are liable by virtue of their personal guarantees for Scinto, Inc.'s alleged failure to perform. Count three seeks to pierce the corporate veil, alleging that the defendants are personally liable for the actions of Scinto, Inc.
On August 16, 2000, the plaintiffs filed a motion to consolidate the three actions. On October 22, 2001, the court granted the plaintiffs' motion to consolidate.[5]
The defendants have now moved for summary judgment on the following grounds: (1) General Statutes § 52-592 does not apply to the present action; (2) the present action should fail under the prior pending action doctrine; (3) count two against Barbara Scinto should fail under the doctrine of res judicata; (4) count two against Robert Scinto should fail under the doctrine of collateral estoppel; (5) any allegations against the defendants for work performed by Scinto, Inc., prior to November 15, 1990, should fail under the theory of collateral estoppel; and (6) in the alternative, even if § 52-592 applies, the present action should fail because it was not commenced within the time required under the statute. The plaintiffs filed an objection to the motion for summary judgment along with a memorandum in support of their objection.
The prior pending action doctrine is dispositive of the present motion. The facts underlying the defendants' claim regarding that doctrine are undisputed and entitle them to a judgment dismissing the action as a matter of law. "The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where two suits are virtually alike, and in the same jurisdiction. . . . We must examine the pleadings to ascertain whether the actions are virtually alike . . . and whether they CT Page 6381 are brought to adjudicate the same underlying rights." (Citations omitted; internal quotation marks omitted.) Cumberland Farms, Inc. v.Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998).
As previously noted, there are two pending actions before this court that raise the same issues the plaintiffs raise in this action. Upon review of the complaints filed in the first and second actions, the court finds that the three counts alleged in the present action are virtually identical to the counts alleged in the first and second actions. Specifically, count one of the present action is identical to the remaining count in the first action. Additionally, counts two and three in the present action are virtually identical to counts three and four in the second action. Accordingly, because the issues raised in the first and second actions are pending, the court finds that the prior pending action doctrine applies to the present case and, therefore, the third action is subject to dismissal. Cumberland Farms, Inc. v. Groton, supra,247 Conn. 216.
The plaintiffs had, however, represented to this court that upon the court's resolution of the motion to consolidate, the plaintiffs "will be in a position to dismiss voluntarily any duplicative claims." (Plaintiffs' Memorandum in Support of Objection to Motion for Summary Judgment, p. 12.) Although it is not perfectly clear what the plaintiffs had in mind in making this representation, assuming it implies a willingness to withdraw the present action, based upon the granting of the motion to consolidate, the court will accept such a withdrawal of the present action if filed before June 1, 2002. If a withdrawal is not filed by June 1, 2002, however, the court will enter judgment dismissing the present action on that date pursuant to the prior pending action doctrine and the defendants' entitlement to such a judgment as a matter of law.
In light of this resolution, it is not necessary to reach the other grounds advanced in support of the motion for summary judgment.
 ___________________ Jonathan E. Silbert, Judge